| | |
|---|---|
| RONNIE WALLACE LONG, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CONCORD, VAN )<br>WALTER ISENHOUR, DAVID )<br>JOHN TAYLOR, THE ESTATE )<br>OF GEORGE MONROE VOGLER, )<br>JR., ESTATE OF MARSHALL )<br>JAMES LEE, ESTATE OF JACK )<br>MOORE, MERL HAMILTON, )<br>GUY SMITH, GARY GACEK and )<br>JOHN and JANE DOES 1-10 )<br>)<br>Defendants. ) | **DEFENDANTS VAN WALTER ISENHOUR, DAVID JOHN TAYLOR, THE ESTATE OF GEORGE VOLGER, JR. ESTATE OF MARSHALL JAMES LEE, ESTATE OF JACK MOORE, MERL HAMILTON, GUY SMITH AND GARY GACEK'S ANSWER TO AMENDED COMPLAINT** |

NOW COMES Defendants Van Walter Isenhour, David John Taylor, The Estate of George Monroe Vogler, Jr., Estate of Marshall James Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith and Gary Gacek, by and through the undersigned counsel, and hereby respond to Plaintiff's Amended Complaint as follows:

## **INTRODUCTION**

1-5.    The allegations contained in paragraphs 1-5 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

1

6. It is admitted that Defendants Isenhour, Taylor, Vogler and Lee were officers with the Concord Police Department ("CPD"). Except as admitted, denied.

7. The allegations contained in paragraph 7 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. The allegations of paragraph 8 are denied.

9-18. The allegations contained in paragraphs 9-18 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19-20. The allegations contained in paragraphs 19-20 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

21-29. The allegations contained in paragraphs 21-29 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

30. The allegations contained in paragraph 30 are not directed towards the Answering Defendants and as such, no response is required. To the extent a response is required, denied.

31. The allegations of paragraph 31 are denied are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

32-35. The allegations contained in paragraphs 32-35 are not directed towards the

Answering Defendants and as such, no response is required. To the extent a response is required, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## JURISDICTION AND VENUE

36-39. The allegations of paragraphs 36-39 are legal and/or jurisdictional conclusions for which no response is required. To the extent a response is required, denied

## PARTIES

40-41. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 40-41 and therefore the same are denied.

42. The allegations contained in paragraph 42 are admitted upon information or belief.

43-46. It is admitted that Defendants Isenhour, Lee, Vogler and Taylor were employed by the CPD as of 1976. Except as herein admitted, the allegations of paragraphs 43-46 are denied.

47. It is admitted that Defendant Moore served as Chief of Police of the CPD from 1975 until 1987. It is further admitted that Defendant Moore served as the final policy making authority with regard to policies within CPD. It is further admitted that Plaintiff is suing Defendant Moore in his official and individual capacities, although it is specifically denied that Defendant Moore is liable to Plaintiff under any law or theory. Except as herein admitted, the allegations of paragraph 47 are denied.

48. The allegations contained in the first sentence of paragraph 48 are admitted. It is further admitted that Defendant Hamilton served as the final policy making authority with regard to policies within CPD. It is further admitted that Plaintiff is suing Defendant Hamilton in his official capacity, although it is specifically denied that Defendant Hamilton is liable to Plaintiff under any law or theory. Except as herein admitted, the allegations of paragraph 48 are denied.

49. The allegations contained in the first sentence of paragraph 49 are admitted. It is further admitted that Defendant Smith served as the final policy making authority with regard to policies within CPD. It is further admitted that Plaintiff is suing Defendant Smith in his official capacity, although it is specifically denied that Defendant Smith is liable to Plaintiff under any law or theory. Except as herein admitted, the allegations of paragraph 49 are denied.

50. The allegations contained in the first sentence of paragraph 50 are admitted. It is further admitted that Defendant Gacek served as the final policy making authority with regard to policies within CPD. It is further admitted that Plaintiff is suing Defendant Gacek in his official capacity, although it is specifically denied that Defendant Gacek is liable to Plaintiff under any law or theory. Except as herein admitted, the allegations of paragraph 50 are denied.

51-56. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 51-56 and therefore the same are denied.

57. The allegations of paragraph 57 are legal conclusions of the pleader and as such, no response is required. To the extent a response is required, denied.

## FACTS

58-83. The allegations contained in paragraphs 58-83 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

84. The allegations contained in paragraph 84 are denied.

85-95. The allegations contained in paragraphs 85-95 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

96. The allegations contained in paragraph 96 are denied.

97-168. The allegations contained in paragraphs 97-168 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

169. The allegations of paragraph 169 contain legal a quotation from a legal opinion which speaks for itself and, as such, no response is required.

170-177. The allegations contained in paragraphs 170-177 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

178. The allegations of paragraph 178 contain legal a quotation from a legal opinion which speaks for itself and, as such, no response is required.

179. The allegations of paragraph 179 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent that the allegations in paragraph 179 contain legal a quotation from a legal opinion, such opinion speaks for itself and, as such, no response is required.

180-197. The allegations contained in paragraphs 180-197 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

198. The allegations of paragraph 198 contain a quotation from a letter which speaks for itself and, as such, no response is required.

199-243. The allegations contained in paragraphs 199-243 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

244. The allegations of paragraph 244 reference a legal opinion which speaks for itself and, as such, no response is required.

245. The allegations of paragraph 245 reference a legal order which speaks for itself and, as such, no response is required.

246-247. The allegations contained in paragraphs 246-247 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

248. The allegations contained in paragraph 248 are admitted upon information or belief.

249. The allegations contained in paragraph 249 are denied as stated or for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## CAUSES OF ACTION

## FEDERAL CONSTITUTIONAL CLAIMS

## COUNT I:

## 42 U.S.C. § 1983 Claim for Fourteenth Amendment Procedural and Substantive Due Process Violations – Civil Conspiracy to Deprive Plaintiff of his Constitutional Rights

250. Defendants reallege and incorporate their responses to paragraphs 1 through 249 as though fully set forth herein.

251-254. The allegations contained in paragraphs 251-254 are denied.

## COUNT II:

## 42 U.S.C. § 1983 Claim for Deprivation of Due Process and Access to the Courts in Violation of the First and Fourteenth Amendments

255. Defendants reallege and incorporate their responses to paragraphs 1 through 254 as though fully set forth herein.

256-275. The allegations contained in paragraphs 251-275 are denied.

## COUNT III:

## 42 U.S.C. § 1983 Claim Under *Monell v. Dep't of Social Servs.*

276. Defendants reallege and incorporate their responses to paragraphs 1 through 275 as though fully set forth herein.

277-286. The allegations contained in paragraphs 277-286 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

### COUNT IV:

### 42 U.S.C. § 1983 Claim for Fourteenth Amendment Procedural and Substantive Due Process Violations – Withholding Exculpatory Evidence

287. Defendants reallege and incorporate their responses to paragraphs 1 through 286 as though fully set forth herein.

288-299. The allegations contained in paragraphs 288-299 are denied.

### COUNT V:

### 42 U.S.C. § 1983 Claim for Fourteenth Amendment Procedural and Substantive Due Process Violations – Fabrication of False Inculpatory Evidence

300. Defendants reallege and incorporate their responses to paragraphs 1 through 299 as though fully set forth herein.

301-324. The allegations contained in paragraphs 301-324 are denied.

### COUNT VI:

### 42 U.S.C. § 1983 Claim for Fourteenth Amendment Procedural and Substantive Due Process Violations – Bad Faith Destruction of Evidence

325. Defendants reallege and incorporate their responses to paragraphs 1 through 324 as though fully set forth herein.

326-336. The allegations contained in paragraphs 326-336 are denied.

## COUNT VII:

### 42 U.S.C. § 1983 Claim for Fourth and Fourteenth Amendment Violations – Federal Malicious Prosecution

337. Defendants reallege and incorporate their responses to paragraphs 1 through 336 as though fully set forth herein.

338-348. The allegations contained in paragraphs 338-348 are denied.

## COUNT VIII:

### 42 U.S.C. § 1983 Claim for Failure to Intervene

349. Defendants reallege and incorporate their responses to paragraphs 1 through 348 as though fully set forth herein.

350-356. The allegations contained in paragraphs 350-356 are denied.

## COUNT IX:

### 42 U.S.C. § 1983 Claim for Failure to Intervene

357. Defendants reallege and incorporate their responses to paragraphs 1 through 356 as though fully set forth herein.

358-366. The allegations contained in paragraphs 358-366 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

## COUNT X:

### 42 U.S.C. § 1983 Claim for Deprivation of Due Process and Access to the Courts in Violation of the First and Fourteenth Amendments

367. Defendants reallege and incorporate their responses to paragraphs 1 through

366 as though fully set forth herein.

368-383. The allegations contained in paragraphs 368-383 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

<b>COUNT XI:</b>

<b><u>42 U.S.C. § 1983 Claim for Fourteenth Amendment Procedural<br>
and Substantive Due Process Violations – Withholding<br>
Exculpatory Evidence</u></b>

384. Defendants reallege and incorporate their responses to paragraphs 1 through 383 as though fully set forth herein.

385-393. The allegations contained in paragraphs 385-393 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

<b>STATE-LAW CLAIMS</b>

<b>COUNT XII:</b>

<b><u>Obstruction of Justice</u></b>

394. Defendants reallege and incorporate their responses to paragraphs 1 through 393 as though fully set forth herein.

395-399. The allegations contained in paragraphs 395-399 are denied.

<b>COUNT XIII:</b>

<b><u>North Carolina Constitutional Claim, Art. I, §§ 19-20,<br>
Violations of Due Process</u></b>

400. Defendants reallege and incorporate their responses to paragraphs 1 through

10

4831-3048-9328.1 Case 5:21-cv-00201-D   Document 28   Filed 06/25/21   Page 10 of 16

399 as though fully set forth herein.

399. The allegations contained in paragraphs 401-403 are denied.

## COUNT XIV:

### Respondeat Superior

404. Defendants reallege and incorporate their responses to paragraphs 1 through 403 as though fully set forth herein.

405-407. The allegations contained in paragraphs 405-407 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

## COUNT XV:

### Indemnification

408. Defendants reallege and incorporate their responses to paragraphs 1 through 407 as though fully set forth herein.

409-410. The allegations contained in paragraphs 409-410 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

## COUNT XVI:

### Obstruction of Justice

411. Defendants reallege and incorporate their responses to paragraphs 1 through 410 as though fully set forth herein.

412-417. The allegations contained in paragraphs 412-417 are not directed toward answering Defendants and as such, no response is required. To the extent a

response is required, denied.

## COUNT XVII:

## North Carolina Constitutional Claim, Art. I, §§ 19-20, Violations of Due Process

418. Defendants reallege and incorporate their responses to paragraphs 1 through 417 as though fully set forth herein.

419-423. The allegations contained in paragraphs 419-423 are not directed toward answering Defendants and as such, no response is required. To the extent a response is required, denied.

## COUNT XVIII:

## Punitive Damages

424. Defendants reallege and incorporate their responses to paragraphs 1 through 423 as though fully set forth herein.

425-427. The allegations contained in paragraphs 425-427 are denied.

## DAMAGES

428-433. The allegations contained in paragraphs 428-433 are denied.

EACH AND EVERY OTHER ALLEGATION CONTAINED IN THE PLAINTIFF'S AMENDED COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, IS HEREBY DENIED.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff Complaint, in whole or in part fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead lack of personal and subject matter jurisdiction pursuant to the provisions of Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiffs claims herein, including, but not limited to, governmental immunity, qualified immunity, public official's immunity, and the public duty doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Defendants plead all applicable statute of limitations and repose as a bar, in whole or in part, to recovery by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The individual Defendants allege that at all times relevant to this action they acted without malice and in good faith belief that their duties were carried out in accordance with the laws and Constitution of the State of North Carolina and the laws and Constitution of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants plead collateral estoppel and res judicata as a bar to Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's contributory negligence and/or intentional acts.

## NINTH AFFIRMATIVE DEFENSE

In the event Defendants are liable to Plaintiff, which is again denied, then Defendants allege that any negligence on their part was passive and secondary to the active and primary negligence of other parties who are not parties to this lawsuit, and that such active and primary negligence was the proximate cause of the alleged injuries sustained by the Plaintiff. It is this intervening and superseding negligence that bars any claim for relief against Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not engage in, promote or further any policy or practice which deprived Plaintiff of any right secured by the Constitution or laws of this land.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the discovery process.

WHEREFORE, Defendants Van Walter Isenhour, David John Taylor, The Estate of George Monroe Vogler, Jr., Estate of Marshall James Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith and Gary Gacek, having fully responded to Plaintiff's Amended Complaint, pray unto the Court as follows:

1. That Plaintiff have and recover nothing of the Defendants and that Plaintiff's Amended Complaint be dismissed with prejudice;

2. That the costs of this action be taxed against the Plaintiff;

3. That they have a trial by jury on all issues so triable; and

4. For such other and further relief as this Court deems just and proper.

This the 25th day of June, 2021.

                CRANFILL SUMNER LLP

                BY:   /s/Patrick H. Flanagan
                        Patrick H. Flanagan, State Bar #17407
                        *Attorney for Defendants Van Walter Isenhour, David John Taylor, The Estate of George Monroe Vogler, Jr., Estate of Marshall James Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith and Gary Gacek*
                        Post Office Box 30787
                        Charlotte, North Carolina 28230
                        Telephone: (704) 332-8300
                        Facsimile: (704) 332-9994
                        phf@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing ***Defendants Van Walter Isenhour, David John Taylor, The Estate of George Monroe Vogler, Jr., Estate of Marshall James Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith and Gary Gacek's Answer to Amended Complaint*** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

> Hoyt G. Tessener
> Coleman M. Cowan
> Chris Bagley
> Kaitlyn E. Fudge
> htessener@farrin.com
> *Attorney for Plaintiff*
>
> G. Christopher Olson
> chris@olsonlaw-pllc.com
>
> Scott C. Hart
> Frederick /H. Bailey, III
> Ryan D. Eubanks
> shart@nclawyers.com
> fbailey@nclawyers.com
> reubanks@nclawyers.com

This the 25th day of June, 2021.

>           CRANFILL SUMNER LLP
>
> BY:   /s/Patrick H. Flanagan
>           Patrick H. Flanagan, State Bar #17407
>           *Attorney for Defendants Van Walter Isenhour, David John Taylor, The Estate of George Monroe Vogler, Jr., Estate of Marshall James Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith and Gary Gacek*
>           Post Office Box 30787
>           Charlotte, North Carolina 28230
>           Telephone: (704) 332-8300
>           Facsimile: (704) 332-9994
>           phf@cshlaw.com

16

4831-3048-9328 Case 5:21-cv-00201-D   Document 28   Filed 06/25/21   Page 16 of 16