UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:21-cv-00201-D

| | | |
|---|---|---|
| RONNIE WALLACE LONG, | ) | |
| | ) | **ANSWER AND DEFENSES** |
| Plaintiff, | ) | **OF DEFENDANT** |
| | ) | **CITY OF CONCORD** |
| v. | ) | |
| | ) | |
| CITY OF CONCORD, VAN WALTER | ) | |
| ISENHOUR, in his Individual Capacity; | ) | |
| DAVID JOHN TAYLOR, in his | ) | |
| Individual Capacity; the Estate of | ) | |
| GEORGE MONROE VOGLER, JR.; the | ) | |
| Estate of MARSHALL JAMES LEE; the | ) | |
| Estate of JACK MOORE; MERL | ) | |
| HAMILTON, in his Official Capacity; | ) | |
| GUY SMITH, in his Official Capacity; | ) | |
| GARY GACEK, in his Official Capacity; | ) | |
| JOHN and JANE DOES 1–10, in their | ) | |
| Individual Capacities; BARRY M. LEA, | ) | |
| in his individual capacity; the Estate of | ) | |
| CHARLES D. CHAMBERS, in his | ) | |
| individual capacity; the Estate of | ) | |
| HAYWOOD R. STARLING, in | ) | |
| his individual capacity; JOHN | ) | |
| H. WATTERS, in his individual | ) | |
| capacity; and UNKNOWN AGENTS | ) | |
| OF THE STATE BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| Defendants. | | |

NOW COMES Defendant City of Concord (hereinafter "this Defendant"), by and through the undersigned counsel, and hereby responds to the allegations contained in Plaintiff Ronnie Wallace Long's (hereinafter "Plaintiff") Amended Complaint [D.E. 24] as follows:

## FIRST AFFIRMATIVE DEFENSE
### Sovereign/Governmental Immunity

This Defendant hereby pleads sovereign and/or governmental immunity as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

This Defendants hereby pleads the applicable statutes of limitation and statutes of repose as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE
### Lack of Unconstitutional Custom or Policy

This Defendant hereby pleads the lack of any unconstitutional custom or policy as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### Incorporation of Defenses of Others

This Defendant hereby incorporates any and all defenses raised by other Defendants, to the degree applicable, as if fully set forth herein.

## ANSWER

1.      As to the allegations contained in paragraph 1 of the Amended Complaint, it is admitted that on October 1, 1976, Plaintiff was convicted and sentenced to life imprisonment for burglary and the rape of Sarah Bost (hereinafter "Ms. Bost") in Concord, North Carolina on April 25, 1976. This Defendant specifically denies that Plaintiff was wrongfully convicted. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the

2

remaining allegations contained in paragraph 1 of the Amended Complaint, and therefore denies same.

2.      As to the allegations contained in paragraph 2 of the Amended Complaint, it is specifically denied that Plaintiff was wrongfully convicted. The remaining allegations contained in paragraph 2 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

3.      The allegations contained in paragraph 3 of the Amended Complaint are denied.

4.      As to the allegations contained in paragraph 4 of the Amended Complaint, it is specifically denied that Plaintiff had an airtight, factually supportable alibi and that Plaintiff could not have been the perpetrator of the Bost rape. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the Amended Complaint, and therefore denies same.

5.      As to the allegations contained in paragraph 5 of the Amended Complaint, it is admitted that there was a gap in time between the time the crimes against Ms. Bost were perpetrated and the time the Concord Police Department made an arrest. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of the Amended Complaint, and therefore denies same.

6.      The allegations contained in paragraph 6 of the Amended Complaint are denied.

7.      The allegations contained in paragraph 7 of the Amended Complaint purport to refer to written documents and the physical characteristics of Plaintiff, all of which speak for themselves.

8.      The allegations contained in paragraph 8 of the Amended Complaint are denied.

3

9.     As to the allegations contained in paragraph 9 of the Amended Complaint, it is specifically denied that Defendants Isenhour, Taylor, Vogler, and Lee engaged in any impermissible or wrongful conduct. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the Amended Complaint, and therefore denies same.

10.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint, and therefore denies same.

11.     As to the allegations contained in paragraph 11 of the Amended Complaint, it is specifically denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct, including any suggestive identifications. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of the Amended Complaint, and therefore denies same.

12.     As to the allegations contained in paragraph 12 of the Amended Complaint, it is denied, upon information and belief, that CPD officers, including Defendants Taylor and Vogler, engaged in any impermissible or wrongful conduct, or that Ms. Bost mistakenly identified Plaintiff as her assailant. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12 of the Amended Complaint, and therefore denies same.

13.     As to the allegations contained in paragraph 13 of the Amended Complaint, it is denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct, including lying to Plaintiff's parents. This Defendant is without sufficient

4

knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the Amended Complaint, and therefore denies same.

14. As to the allegations contained in paragraph 14 of the Amended Complaint, it is specifically denied that CPD officers engaged in any impermissible or wrongful conduct. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Amended Complaint, and therefore denies same.

15. As to the allegations contained in paragraph 15 of the Amended Complaint, it is specifically denied, upon information and belief, that CPD investigators engaged in any impermissible or wrongful conduct, including manufacturing a bogus misdemeanor trespassing charge against Plaintiff. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15 of the Amended Complaint, and therefore denies same.

16. As to the allegations contained in paragraph 16 of the Amended Complaint, it is specifically denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct. Except as expressly herein admitted, the allegations contained in paragraph 16 of the Amended Complaint are denied.

17. As to the allegations contained in paragraph 17 of the Amended Complaint, it is specifically denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct. Except as expressly herein admitted, the allegations contained in paragraph 17 of the Amended Complaint are denied.

18. As to the allegations contained in paragraph 18 of the Amended Complaint, it is specifically denied, upon information and belief, that Concord Police Department Chief of Police

Jack Moore engaged in any impermissible or wrongful conduct. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18 of the Amended Complaint, and therefore denies same.

19.     As to the allegations contained in paragraph 19 of the Amended Complaint, it is specifically denied, upon information and belief, that Defendants Isenhour, Taylor, Vogler, and Lee engaged in any impermissible or wrongful conduct. Except as expressly herein admitted, the allegations contained in paragraph 19 of the Amended Complaint are denied.

20.     As to the allegations contained in paragraph 20 of the Amended Complaint, it is denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct, including suppressing or concealing evidence. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20 of the Amended Complaint, and therefore denies same.

21.     The allegations contained in paragraph 21 of the Amended Complaint are denied.

22.     The allegations contained in paragraph 22 of the Amended Complaint, including each and every subparagraph thereof, are denied.

23.     As to the allegations contained in paragraph 23 of the Amended Complaint, it is specifically denied, upon information and belief, that CPD officers engaged in any impermissible or wrongful conduct, including providing any false or misleading testimony during the trial of Plaintiff. To the degree the allegations in paragraph 23 purport to refer to written documents, the contents speak for themselves. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of the Amended Complaint, and therefore denies same.

24.     As to the allegations contained in paragraph 24 of the Amended Complaint, to the degree the allegations purport to refer to written documents, the contents speak for themselves. The remaining allegations contained in paragraph 24 are denied, upon information and belief.

25.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 of the Amended Complaint, and therefore denies same.

26.     As to the allegations contained in paragraph 26 of the Amended Complaint, it is admitted that Plaintiff was convicted of first-degree rape and first-degree burglary in 1976 and that he received two life sentences. Except as expressly herein admitted, the allegations contained in paragraph 26 of the Amended Complaint are denied.

27.     As to the allegations contained in paragraph 27 of the Amended Complaint, it is admitted, upon information and belief, that Plaintiff was incarcerated for forty-four (44) years. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations that Plaintiff continued to work on his case while he was incarcerated, and therefore denies same. The remaining allegations contained in paragraph 27 are denied, upon information and belief.

28.     The allegations contained in paragraph 28 of the Amended Complaint are denied.

29.     The allegations contained in paragraph 29 of the Amended Complaint are denied.

30.     The allegations contained in paragraph 30 of the Amended Complaint are denied.

31.     The allegations contained in paragraph 31 of the Amended Complaint are denied.

32.     As to the allegations contained in paragraph 32 of the Amended Complaint, it is specifically denied that Plaintiff was wrongfully prosecuted and convicted. This Defendant is

without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 32 of the Amended Complaint, and therefore denies same.

33.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint, and therefore denies same.

34.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint, and therefore denies same.

35.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint, and therefore denies same. The footnote referenced in paragraph 35 of the Amended Complaint purports to refer to a written document, the contents of which speak for themselves.

36.     The allegations contained in paragraph 36 of the Amended Complaint are denied.

37.     The allegations contained in paragraph 37 of the Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

38.     The allegations contained in paragraph 38 of the Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

39.     The allegations contained in paragraph 39 of the Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

40.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Amended Complaint, and therefore denies same.

41.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint, and therefore denies same.

42.     The allegations contained in paragraph 42 of the Amended Complaint are admitted.

43.     As to the allegations contained in paragraph 43 of the Amended Complaint, it is admitted that Defendant Van Isenhour was employed with CPD. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43 of the Amended Complaint, and therefore denies same.

44.     As to the allegations contained in paragraph 44 of the Amended Complaint, it is admitted that Defendant David Taylor was employed with CPD. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 44 of the Amended Complaint, and therefore denies same.

45.     As to the allegations contained in paragraph 45 of the Amended Complaint, it is admitted that George Vogler, Jr. was employed with CPD. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 of the Amended Complaint, and therefore denies same.

46.     As to the allegations contained in paragraph 46 of the Amended Complaint, it is admitted that Defendant Marshall Lee was employed with CPD. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 46 of the Amended Complaint, and therefore denies same.

47.     As to the allegations contained in paragraph 47 of the Amended Complaint, it is admitted that Jack Moore served as the Chief of Police for the Concord Police Department. This

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of Jack Moore's dates of employment with the Concord Police Department and the allegation that Julia Grohse is the Administratrix of the Estate of Jack Moore, and therefore denies same. Except as expressly herein admitted, the allegations contained in paragraph 47 of the Amended Complaint are denied.

48.     As to the allegations contained in paragraph 48 of the Amended Complaint, it is admitted that Merl Hamilton served as the Chief of Police for the Concord Police Department from June 11, 2001, to April 1, 2011. It is further admitted, upon information and belief, the Merl Hamilton served as interim Chief from March 2015, until July 2015. Except as expressly herein admitted, the allegations contained in paragraph 48 of the Amended Complaint are denied.

49.     As to the allegations contained in paragraph 49 of the Amended Complaint, it is admitted that Guy Smith served as the Chief of Police for the Concord Police Department from October 3, 2011, to March 1, 2015. Except as expressly herein admitted, the allegations contained in paragraph 49 of the Amended Complaint are denied.

50.     As to the allegations contained in paragraph 50 of the Amended Complaint, it is admitted that Gary Gacek currently serves as the Chief of Police for the Concord Police Department and has held that position since July 2015. Except as expressly herein admitted, the allegations contained in paragraph 50 of the Amended Complaint are denied.

51.     The allegations contained in paragraph 51 of the Amended Complaint are denied.

52.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Amended Complaint, and therefore denies same.

53.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint, and therefore denies same.

54.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Amended Complaint, and therefore denies same.

55.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Amended Complaint, and therefore denies same.

56.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint, and therefore denies same.

57.     The allegations contained in paragraph 57 of the Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

58.     As to the allegations contained in paragraph 58 of the Amended Complaint, it is admitted that on April 25, 1976, Sarah Bost was raped by a man who broke into her home. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58 of the Amended Complaint, and therefore denies same.

59.     As to the allegations contained in paragraph 59 of the Amended Complaint, it is admitted, upon information and belief, that Ms. Bost was alone in her home when she was attacked and that the man was wearing a dark leather jacket, blue jeans, a toboggan on his head, and may have been wearing gloves. This Defendant is without sufficient knowledge to form a

belief as to the truth or falsity of the remaining allegations contained in paragraph 59 of the Amended Complaint, and therefore denies same.

60.     The allegations contained in paragraph 60 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

61.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Amended Complaint, and therefore denies same.

62.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Amended Complaint, and therefore denies same.

63.     As to the allegations contained in paragraph 63 of the Amended Complaint, it is admitted that Sergeant Jack Parnell responded to the scene of the rape. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 63 of the Amended Complaint, and therefore denies same.

64.     The allegations contained in paragraph 64 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

65.     The allegations contained in paragraph 65 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

66.     The allegations contained in paragraph 66 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

67.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint, and therefore denies same.

68.     The allegations contained in paragraph 68 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

69.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint, and therefore denies same.

70.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Amended Complaint, and therefore denies same.

71.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Amended Complaint, and therefore denies same.

72.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Amended Complaint, and therefore denies same.

73.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Amended Complaint, and therefore denies same.

74.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Amended Complaint, and therefore denies same.

75.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Amended Complaint, and therefore denies same.

76.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Amended Complaint, and therefore denies same.

77.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Amended Complaint, and therefore denies same.

78.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Amended Complaint, and therefore denies same.

79.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Amended Complaint, and therefore denies same.

80.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Amended Complaint, and therefore denies same.

81.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Amended Complaint, and therefore denies same.

82.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Amended Complaint, and therefore denies same.

83.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Amended Complaint, and therefore denies same.

84.     The allegations contained in paragraph 84 of the Amended Complaint are denied, upon information and belief.

85.     The allegations contained in paragraph 85 of the Amended Complaint are denied, upon information and belief.

86.     The allegations contained in paragraph 86 of the Amended Complaint are denied, upon information and belief.

87.     The allegations contained in paragraph 87 of the Amended Complaint are denied, upon information and belief.

88.     As to the allegations contained in paragraph 88 of the Amended Complaint, it is admitted that Plaintiff was arrested on a trespassing charge and taken to the Concord Police Department where he was photographed and fingerprinted. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 88 of the Amended Complaint, and therefore denies same.

89.     The allegations contained in paragraph 89 of the Amended Complaint purport to refer to photographs of Plaintiff, the depictions of which speak for themselves. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity that the photographs included in the Amended Complaint accurately depict Plaintiff's appearance on April 25, 1976, and therefore denies same. Except as expressly herein admitted, the allegations contained in paragraph 89 of the Amended Complaint are denied.

90.     The allegations contained in paragraph 90 of the Amended Complaint are denied, upon information and belief.

91.     The allegations contained in paragraph 91 of the Amended Complaint are denied, upon information and belief.

92.     As to the allegations contained in paragraph 92 of the Amended Complaint, it is admitted, upon information and belief, that Defendants Taylor and Isenhour met with Ms. Bost on May 5, 1976, and discussed Ms. Bost appearing in district court for the purposes of identify any person who may have assaulted her. It is specifically denied that CPD investigators led Ms. Bost to believe that her assailant would be one of the individuals appearing in district court. The remaining allegations contained in paragraph 92 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves. Except as expressly herein admitted, the allegations contained in paragraph 92 of the Amended Complaint are denied.

93.     As to the allegations contained in paragraph 93 of the Amended Complaint, it is admitted that Plaintiff appeared in district court on May 10, 1976, in response to the misdemeanor trespass charge. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 93 of the Amended Complaint, and therefore denies same.

94.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Amended Complaint, and therefore denies same.

95.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Amended Complaint, and therefore denies same.

96.     The allegations contained in paragraph 96 of the Amended Complaint are denied, upon information and belief.

97.     As to the allegations contained in paragraph 97 of the Amended Complaint, it is admitted that Ms. Bost viewed a photo lineup on May 10, 1976, and identified Plaintiff as her attacker. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 97 of the Amended Complaint, and therefore denies same.

98.     The allegations contained in paragraph 98 of the Amended Complaint are denied, upon information and belief.

99.     As to the allegations contained in paragraph 99 of the Amended Complaint, it is denied, upon information and belief, that any Defendant manipulated Ms. Bost's identification of Plaintiff, and that Ms. Bost mistakenly identified Plaintiff. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 99 of the Amended Complaint, and therefore denies same.

100.     As to the allegations contained in paragraph 100 of the Amended Complaint, it is denied, upon information and belief, that any CPD investigator orchestrated a misleading courtroom identification. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Amended Complaint, and therefore denies same.

101.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Amended Complaint, and therefore denies same.

102.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Amended Complaint, and therefore denies same.

103.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Amended Complaint, and therefore denies same.

104.    As to the allegations contained in paragraph 104 of the Amended Complaint, it is admitted, upon information and belief, that CPD officers searched Plaintiff's car and seized a pair of gloves, matchbooks, and a toboggan. It is further admitted, upon information and belief, that CPD officers seized Plaintiff's leather jacket and obtained inked impressions of the shoes he was wearing. Except as expressly herein admitted, the allegations contained in paragraph 104 of the Amended Complaint are denied.

105.    As to the allegations contained in paragraph 105 of the Amended Complaint, it is admitted that Plaintiff was arrested for first-degree burglary and first-degree rape. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 105 of the Amended Complaint, and therefore denies same.

106.    The allegations contained in paragraph 106 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

107.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Amended Complaint that Defendant Isenhour prepared two evidence summaries with the knowledge, assent, and condonation of the CPD investigators involved in the criminal investigation of Plaintiff, or that the evidence

18

summaries were not shared with prosecutors or Plaintiff's defense team, and therefore denies same. The remaining allegations contained in paragraph 107 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves. Except as expressly herein admitted, the allegations contained in paragraph 107 of the Amended Complaint are denied.

108.     As to the allegations contained in paragraph 108 of the Amended Complaint, it is admitted that an evidence summary is intended to document crime-scene evidence collected and investigatory steps undertaken, and that it should accurately memorialize the actions of investigators and the items of evidence they collected. The remaining allegations contained in paragraph 108 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves. Except as expressly herein admitted, the allegations contained in paragraph 108 of the Amended Complaint are denied.

109.     The allegations contained in paragraph 109 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

110.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Amended Complaint, and therefore denies same.

111.     The allegations contained in paragraph 111 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

112.     As to the allegations contained in paragraph 112 of the Amended Complaint, it is denied that none of the forensic examinations connected Plaintiff to the crime. The remaining allegations contained in paragraph 112 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

113.    The allegations contained in paragraph 113 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

114.    The allegations contained in paragraph 114 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

115.    The allegations contained in paragraph 115 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

116.    The allegations contained in paragraph 116 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

117.    The allegations contained in paragraph 117 of the Amended Complaint purport to refer to a written document and photographs, the contents and depictions of which speak for themselves.

118.    The allegations contained in paragraph 118 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

119.    The allegations contained in paragraph 119 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

120.    The allegations contained in paragraph 120 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

121.    The allegations contained in paragraph 121 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

122.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Amended Complaint, and therefore denies same.

123.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Amended Complaint, and therefore denies same.

124.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Amended Complaint, and therefore denies same.

125.    The allegations contained in paragraph 125 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

126.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of what Plaintiff's trial team knew, and therefore denies same. Except as expressly herein admitted, the allegations contained in paragraph 126 of the Amended Complaint are denied, upon information and belief.

127.    Certain of the allegations contained in paragraph 127 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 127 of the Amended Complaint, and therefore denies same.

128.    As to the allegations contained in paragraph 128 of the Amended Complaint, it is denied, upon information and belief, that any Defendant engaged in any impermissible or wrongful conduct. Except as expressly herein admitted, the allegations contained in paragraph 128 of the Amended Complaint are denied.

129.    The allegations contained in paragraph 129 of the Amended Complaint are denied.

130.    The allegations contained in paragraph 130 of the Amended Complaint are denied.

131.    As to the allegations contained in paragraph 131 of the Amended Complaint, it is admitted that CPD investigators undertook a search for fingerprints left by the perpetrator in Ms. Bost's residence. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 131 of the Amended Complaint, and therefore denies same.

132.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Amended Complaint, and therefore denies same.

133.    The allegations contained in paragraph 133 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 133 of the Amended Complaint, and therefore denies same.

134.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Amended Complaint, and therefore denies same.

135.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Amended Complaint, and therefore denies same.

136.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Amended Complaint, and therefore denies same.

137. The allegations contained in paragraph 137 of the Amended Complaint are denied, upon information and belief.

138. The allegations contained in paragraph 138 of the Amended Complaint are denied, upon information and belief.

139. The allegations contained in paragraph 139 of the Amended Complaint are denied, upon information and belief.

140. The allegations contained in paragraph 140 of the Amended Complaint are denied, upon information and belief.

141. The allegations contained in paragraph 141 of the Amended Complaint are denied, upon information and belief.

142. The allegations contained in paragraph 142 of the Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

143. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Amended Complaint, and therefore denies same.

144. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Amended Complaint, and therefore denies same.

145. To the degree the allegations contained in paragraph 145 of the Amended Complaint purport to state a legal conclusion, no response is required. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 145 of the Amended Complaint, and therefore denies same.

146.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Amended Complaint, and therefore denies same.

147.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Amended Complaint, and therefore denies same.

148.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Amended Complaint, and therefore denies same.

149.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Amended Complaint, and therefore denies same.

150.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Amended Complaint, and therefore denies same.

151.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Amended Complaint, and therefore denies same.

152.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Amended Complaint, and therefore denies same.

153. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Amended Complaint, and therefore denies same.

154. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Amended Complaint, and therefore denies same.

155. The allegations contained in paragraph 155 of the Amended Complaint are denied, upon information and belief.

156. The allegations contained in paragraph 156 of the Amended Complaint are denied, upon information and belief.

157. The allegations contained in paragraph 157 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

158. The allegations contained in paragraph 158 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

159. The allegations contained in paragraph 159 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

160. The allegations contained in paragraph 160 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

161. The allegations contained in paragraph 161 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

162. The allegations contained in paragraph 162 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

163. The allegations contained in paragraph 163 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

164. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Amended Complaint, and therefore denies same.

165. The allegations contained in paragraph 165 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

166. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 166 of the Amended Complaint, and therefore denies same.

167. The allegations contained in paragraph 167 of the Amended Complaint are denied, upon information and belief.

168. The allegations contained in paragraph 168 of the Amended Complaint are denied, upon information and belief.

169. The remaining allegations contained in paragraph 169 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

170. As to the allegations contained in paragraph 170 of the Amended Complaint, it is admitted that Plaintiff had a leather jacket and driving gloves, and that his shoes had the same class of tread as a shoe that left a shoe print impression at the crime scene. Except as expressly herein admitted, the allegations contained in paragraph 170 of the Amended Complaint are denied.

171.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Amended Complaint, and therefore denies same.

172.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Amended Complaint, and therefore denies same.

173.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Amended Complaint, and therefore denies same.

174.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Amended Complaint, and therefore denies same.

175.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Amended Complaint, and therefore denies same.

176.    The allegations contained in paragraph 176 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

177.    The allegations contained in paragraph 177 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

178.    The allegations contained in paragraph 178 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

179.    The allegations contained in paragraph 179 of the Amended Complaint are denied, upon information and belief.

180. As to the allegations contained in paragraph 180 of the Amended Complaint, it is admitted that a jury found Plaintiff guilty of first-degree burglary and first-degree rape and that Plaintiff was sentenced to two terms of life imprisonment. Except as expressly herein admitted, the allegations contained in paragraph 180 of the Amended Complaint are denied.

181. As to the allegations contained in paragraph 181 of the Amended Complaint, it is admitted that the North Carolina Supreme Court affirmed Plaintiff's convictions. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 181 of the Amended Complaint, and therefore denies same.

182. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Amended Complaint, and therefore denies same.

183. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Amended Complaint, and therefore denies same.

184. As to the allegations contained in paragraph 184 of the Amended Complaint, this Defendant denies that it improperly withheld evidence. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 184 of the Amended Complaint, and therefore denies same.

185. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Amended Complaint, and therefore denies same.

186. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Amended Complaint, and therefore denies same.

187. The allegations contained in paragraph 187 of the Amended Complaint are denied.

188. The allegations contained in paragraph 188 of the Amended Complaint are denied.

189. The allegations contained in paragraph 189 of the Amended Complaint are denied.

190. The allegations contained in paragraph 190 of the Amended Complaint are denied.

191. The allegations contained in paragraph 191 of the Amended Complaint are denied.

192. The allegations contained in paragraph 192 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

193. The allegations contained in paragraph 193 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

194. The allegations contained in paragraph 194 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

195. The allegations contained in paragraph 195 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

196. The allegations contained in paragraph 196 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

197.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the Amended Complaint, and therefore denies same.

198.    The allegations contained in paragraph 198 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

199.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the Amended Complaint, and therefore denies same.

200.    As to the allegations contained in paragraph 200 of the Amended Complaint, CPD evidence technician, Sgt. Robert Ledwell, was involved in the search for materials and evidence related to the criminal investigation of Plaintiff. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 200 of the Amended Complaint, and therefore denies same.

201.    The allegations contained in paragraph 201 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

202.    The allegations contained in paragraph 202 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

203.    To the degree that the allegations contained in paragraph 203 of the Amended Complaint purport to refer to a written document, the contents of those documents speak for themselves. The remaining allegations contained in paragraph 203 of the Amended Complaint are denied, upon information and belief.

204.    As to the allegations contained in paragraph 204 of the Amended Complaint, it is admitted that this Defendant is in possession of latent prints obtained from the crime scene. This

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 204 of the Amended Complaint, and therefore denies same.

205.    The allegations contained in paragraph 205 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

206.    The allegations contained in paragraph 206 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

207.    The allegations contained in paragraph 207 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

208.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Amended Complaint, and therefore denies same.

209.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegation that Ms. Bennick and Ms. Zanin were first afforded the opportunity to review the CPD investigative file in early August 2005, and therefore denies same. The remaining allegations contained in paragraph 209 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

210.    The allegations contained in paragraph 210 of the Amended Complaint purport to refer to written documents and the contents of the CPD investigative file, all of which speak for themselves.

211.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 211 of the Amended Complaint, and therefore denies same.

212.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 212 of the Amended Complaint, and therefore denies same.

213.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 213 of the Amended Complaint, and therefore denies same.

214.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 214 of the Amended Complaint, and therefore denies same.

215.    As to the allegations contained in paragraph 215 of the Amended Complaint, it is denied that this Defendant failed to provide any required information or evidence. The remainder of the allegations contained in paragraph 215 of the Amended Complaint are such that no responsive pleading is required.

216.    As to the allegations contained in paragraph 216 of the Amended Complaint, it is denied that this Defendant failed to provide any required information or evidence. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 216 of the Amended Complaint, and therefore denies same.

217.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Amended Complaint, and therefore denies same.

218.    The allegations contained in paragraph 218 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

219.     The allegations contained in paragraph 219 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

220.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 220 of the Amended Complaint, and therefore denies same.

221.     As to the allegations contained in paragraph 221 of the Amended Complaint, it is specifically denied that this Defendant engaged in any impermissible or wrongful conduct. The remaining allegations contained in paragraph 221 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

222.     The allegations contained in paragraph 222 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

223.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 223 of the Amended Complaint, and therefore denies same.

224.     As to the allegations contained in paragraph 224 of the Amended Complaint, it is specifically denied that this Defendant engaged in any impermissible or wrongful conduct. The remaining allegations contained in paragraph 224 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

225.     As to the allegations contained in paragraph 225 of the Amended Complaint, it is specifically denied that this Defendant engaged in any impermissible or wrongful conduct. The contents of any recorded interviews speak for themselves. Except as expressly herein admitted, the allegations contained in paragraph 225 of the Amended Complaint are denied.

226.     The allegations contained in paragraph 226 of the Amended Complaint are denied.

227.     The allegations contained in paragraph 227 of the Amended Complaint are denied.

228.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 228 of the Amended Complaint, and therefore denies same.

229.     As to the allegations contained in paragraph 229 of the Amended Complaint, it is specifically denied that this Defendant engaged in any impermissible or wrongful conduct. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 229 of the Amended Complaint, and therefore denies same.

230.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 230 of the Amended Complaint, and therefore denies same.

231.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 231 of the Amended Complaint, and therefore denies same.

232.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 232 of the Amended Complaint, and therefore denies same.

233.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 233 of the Amended Complaint, and therefore denies same.

234.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 234 of the Amended Complaint, and therefore denies same.

235.    This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 235 of the Amended Complaint, and therefore denies same.

236.    As to the allegations contained in paragraph 236 of the Amended Complaint, it is admitted that this Defendant is in possession of latent prints obtained from the crime scene. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 236 of the Amended Complaint, and therefore denies same.

237.    As to the allegations contained in paragraph 237 of the Amended Complaint, it is specifically denied that CPD did not conduct a proper offender database search. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 237 of the Amended Complaint, and therefore denies same.

238.    As to the allegations contained in paragraph 238 of the Amended Complaint, it is specifically denied that CPD has never undertaken the necessary training and instruction required to accurately conduct AFIS searches. The remaining allegations contained in paragraph 238 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

35

239.     The allegations contained in paragraph 239 of the Amended Complaint purport to refer to a written document, the contents and metadata of which speak for themselves.

240.     The allegations contained in paragraph 240 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

241.     The allegations contained in paragraph 241 of the Amended Complaint are denied.

242.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 242 of the Amended Complaint, and therefore denies same.

243.     The allegations contained in paragraph 243 of the Amended Complaint are denied.

244.     The allegations contained in paragraph 244 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

245.     The allegations contained in paragraph 245 of the Amended Complaint purport to refer to written documents, the contents of which speak for themselves.

246.     As to the allegations contained in paragraph 246 of the Amended Complaint, it is admitted that Plaintiff spent forty-four (44) years in prison. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 246 of the Amended Complaint, and therefore denies same.

247.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 247 of the Amended Complaint, and therefore denies same.

248.     The allegations contained in paragraph 248 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

249.     This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 249 of the Amended Complaint, and therefore denies same.

250.     This Defendant restates the responses to the allegations contained in paragraphs 1-249, above, and incorporates them as if fully set forth herein.

251.     The allegations contained in paragraph 251 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

252.     The allegations contained in paragraph 252 of the Amended Complaint, and each and every subparagraph thereof, are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

253.     The allegations contained in paragraph 253 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

254.     The allegations contained in paragraph 254 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

255.     This Defendant restates the responses to the allegations contained in paragraphs 1-254, above, and incorporates them as if fully set forth herein.

256.     The allegations contained in paragraph 256 of the Amended Complaint are denied, upon information and belief.

257.     The allegations contained in paragraph 257 of the Amended Complaint are denied.

258.     As to the allegations contained in paragraph 258 of the Amended Complaint, it is specifically denied that Plaintiff was wrongfully convicted and that his denials of any involvement in the crimes committed against Ms. Bost were truthful. Except as expressly herein admitted, the allegations contained in paragraph 258 of the Amended Complaint are denied.

259.     The allegations contained in paragraph 259 of the Amended Complaint are denied.

260.     The allegations contained in paragraph 260 of the Amended Complaint are denied.

261.     The allegations contained in paragraph 261 of the Amended Complaint are denied.

262.     The allegations contained in paragraph 262 of the Amended Complaint are denied.

263.     The allegations contained in paragraph 263 of the Amended Complaint are denied.

264.     The allegations contained in paragraph 264 of the Amended Complaint are denied.

265.     The allegations contained in paragraph 265 of the Amended Complaint are denied.

266.     The allegations contained in paragraph 266 of the Amended Complaint are denied.

267. The allegations contained in paragraph 267 of the Amended Complaint are denied.

268. The allegations contained in paragraph 268 of the Amended Complaint are denied.

269. The allegations contained in paragraph 269 of the Amended Complaint are denied.

270. The allegations contained in paragraph 270 of the Amended Complaint, and each and every subparagraph thereof, are denied.

271. The allegations contained in paragraph 271 of the Amended Complaint are denied.

272. The allegations contained in paragraph 272 of the Amended Complaint are denied.

273. The allegations contained in paragraph 273 of the Amended Complaint are denied.

274. The allegations contained in paragraph 274 of the Amended Complaint are denied.

275. The allegations contained in paragraph 275 of the Amended Complaint are denied.

276. This Defendant restates the responses to the allegations contained in paragraphs 1-275, above, and incorporates them as if fully set forth herein.

277. The allegations contained in paragraph 277 of the Amended Complaint are denied.

278.     The allegations contained in paragraph 278 of the Amended Complaint are denied.

279.     The allegations contained in paragraph 279 of the Amended Complaint are denied.

280.     As to the allegations contained in paragraph 280 of the Amended Complaint, it is admitted that Jack Moore, Guy Smith, Merl Hamilton, and Gary Gacek all served as the Chief of Police for the Concord Police Department. Except as expressly herein admitted, the allegations contained in paragraph 280 of the Amended Complaint are denied.

281.     The allegations contained in paragraph 281 of the Amended Complaint are denied.

282.     The allegations contained in paragraph 282 of the Amended Complaint are denied.

283.     The allegations contained in paragraph 283 of the Amended Complaint are denied.

284.     The allegations contained in paragraph 284 of the Amended Complaint are denied.

285.     As to the allegations contained in paragraph 285 of the Amended Complaint, it is specifically denied that there was ever a time when the policies, customs, or patterns and practices of the Concord Police Department and this Defendant were unconstitutional or otherwise unlawful. The allegations contained in paragraph 285 of the Amended Complaint are denied.

286.     The allegations contained in paragraph 286 of the Amended Complaint are denied.

287. This Defendant restates the responses to the allegations contained in paragraphs 1-286, above, and incorporates them as if fully set forth herein.

288. The allegations contained in paragraph 288 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

289. The allegations contained in paragraph 289 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

290. The allegations contained in paragraph 290 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

291. The allegations contained in paragraph 291 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

292. The allegations contained in paragraph 292 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

293. The allegations contained in paragraph 293 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

294. The allegations contained in paragraph 294 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

41

295. The allegations contained in paragraph 295 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

296. The allegations contained in paragraph 296 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

297. The allegations contained in paragraph 297 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

298. The allegations contained in paragraph 298 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

299. The allegations contained in paragraph 299 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

300. This Defendant restates the responses to the allegations contained in paragraphs 1-299, above, and incorporates them as if fully set forth herein.

301. The allegations contained in paragraph 301 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

302. The allegations contained in paragraph 302 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

303.    The allegations contained in paragraph 303 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

304.    The allegations contained in paragraph 304 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

305.    The allegations contained in paragraph 305 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

306.    The allegations contained in paragraph 306 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff appeared in district court on May 10, 1976. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 306 of the Amended Complaint, and therefore denies same.

307.    The allegations contained in paragraph 307 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 307 of the Amended Complaint, and therefore denies same.

308.    The allegations contained in paragraph 308 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Ms. Bost viewed a photo lineup on May 10, 1976, and identified Plaintiff as her attacker. This Defendant is without sufficient knowledge to form a belief as to the

truth or falsity of the remaining allegations contained in paragraph 308 of the Amended Complaint, and therefore denies same.

309.    The remaining allegations contained in paragraph 309 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

310.    The allegations contained in paragraph 310 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Ms. Bost identified Plaintiff as her attacker. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 310 of the Amended Complaint, and therefore denies same.

311.    The allegations contained in paragraph 311 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

312.    The allegations contained in paragraph 312 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

313.    The allegations contained in paragraph 313 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

314.    The allegations contained in paragraph 314 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

315.    The allegations contained in paragraph 315 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

316.    The allegations contained in paragraph 316 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

317.    The allegations contained in paragraph 317 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted, upon information and belief, that Plaintiff was questioned by CPD officers at the Concord Police Department. Except as expressly herein admitted, the allegations contained in paragraph 317 of the Amended Complaint are denied.

318.    The allegations contained in paragraph 318 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted, upon information and belief, that officers searched Plaintiff's car and seized a toboggan. Except as expressly herein admitted, the allegations contained in paragraph 318 of the Amended Complaint are denied.

319.    The allegations contained in paragraph 319 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 319 of the Amended Complaint, and therefore denies same.

320. The allegations contained in paragraph 320 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

321. The allegations contained in paragraph 321 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

322. The allegations contained in paragraph 322 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

323. The allegations contained in paragraph 323 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

324. The allegations contained in paragraph 324 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

325. This Defendant restates the responses to the allegations contained in paragraphs 1-324, above, and incorporates them as if fully set forth herein.

326. The allegations contained in paragraph 326 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

327. The allegations contained in paragraph 327 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Ms. Bost was viciously assaulted and later transported to the hospital.

This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 327 of the Amended Complaint, and therefore denies same.

328. The allegations contained in paragraph 328 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 328 of the Amended Complaint, and therefore denies same.

329. The allegations contained in paragraph 329 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 329 of the Amended Complaint, and therefore denies same.

330. The allegations contained in paragraph 330 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 330 of the Amended Complaint, and therefore denies same.

331. The allegations contained in paragraph 331 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

332.    The allegations contained in paragraph 332 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

333.    The allegations contained in paragraph 333 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 333 of the Amended Complaint, and therefore denies same.

334.    The allegations contained in paragraph 334 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

335.    The allegations contained in paragraph 335 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

336.    The allegations contained in paragraph 336 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

337.    This Defendant restates the responses to the allegations contained in paragraphs 1-336, above, and incorporates them as if fully set forth herein.

338.    The allegations contained in paragraph 338 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

339. The allegations contained in paragraph 339 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

340. The allegations contained in paragraph 340 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff was arrested for first-degree burglary and first-degree rape and brought before a magistrate. It is further admitted that Plaintiff was indicted by a grand jury on May 17, 1976. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 340 of the Amended Complaint, and therefore denies same.

341. The allegations contained in paragraph 341 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

342. The allegations contained in paragraph 342 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

343. The allegations contained in paragraph 343 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

344. The allegations contained in paragraph 344 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

345. The allegations contained in paragraph 345 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

346. The allegations contained in paragraph 346 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

347. The allegations contained in paragraph 347 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

348. The allegations contained in paragraph 348 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

349. This Defendant restates the responses to the allegations contained in paragraphs 1-348, above, and incorporates them as if fully set forth herein.

350. The allegations contained in paragraph 350 of the Amended Complaint are denied.

351. The allegations contained in paragraph 351 of the Amended Complaint are denied.

352. The allegations contained in paragraph 352 of the Amended Complaint are denied.

353. The allegations contained in paragraph 353 of the Amended Complaint are denied.

354. The allegations contained in paragraph 354 of the Amended Complaint are denied.

355. The allegations contained in paragraph 355 of the Amended Complaint are denied.

356. The allegations contained in paragraph 356 of the Amended Complaint are denied.

357. This Defendant restates the responses to the allegations contained in paragraphs 1-356, above, and incorporates them as if fully set forth herein.

358. The allegations contained in paragraph 358 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 358 of the Amended Complaint, and therefore denies same.

359. The allegations contained in paragraph 359 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

360. The allegations contained in paragraph 360 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

361. The allegations contained in paragraph 361 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

362.    The allegations contained in paragraph 362 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

363.    The allegations contained in paragraph 363 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

364.    The allegations contained in paragraph 364 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

365.    The allegations contained in paragraph 365 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

366.    The allegations contained in paragraph 366 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

367.    This Defendant restates the responses to the allegations contained in paragraphs 1-366, above, and incorporates them as if fully set forth herein.

368.    The allegations contained in paragraph 368 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 368 of the Amended Complaint, and therefore denies same.

369.     The allegations contained in paragraph 369 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

370.     The allegations contained in paragraph 370 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

371.     The allegations contained in paragraph 371 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 371 of the Amended Complaint, and therefore denies same.

372.     The allegations contained in paragraph 372 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

373.     The allegations contained in paragraph 373 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

374.     The allegations contained in paragraph 374 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 374 of the Amended Complaint, and therefore denies same.

375.    The allegations contained in paragraph 375 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

376.    The allegations contained in paragraph 376 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

377.    The allegations contained in paragraph 377 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

378.    The allegations contained in paragraph 378 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

379.    The allegations contained in paragraph 379 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 379 of the Amended Complaint, and therefore denies same.

380.    The allegations contained in paragraph 380 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 380 of the Amended Complaint, and therefore denies same.

381. The allegations contained in paragraph 381 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, the allegations contained in paragraph 381 of the Amended Complaint purport to refer to a written document, the contents of which speak for themselves.

382. The allegations contained in paragraph 382 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

383. The allegations contained in paragraph 383 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

384. This Defendant restates the responses to the allegations contained in paragraphs 1-383, above, and incorporates them as if fully set forth herein.

385. The allegations contained in paragraph 385 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 385 of the Amended Complaint, and therefore denies same.

386. The allegations contained in paragraph 386 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

387. The allegations contained in paragraph 387 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

388.    The allegations contained in paragraph 388 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

389.    The allegations contained in paragraph 389 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

390.    The allegations contained in paragraph 390 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

391.    The allegations contained in paragraph 391 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

392.    The allegations contained in paragraph 392 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

393.    The allegations contained in paragraph 393 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

394.    This Defendant restates the responses to the allegations contained in paragraphs 1-393, above, and incorporates them as if fully set forth herein.

395.    The allegations contained in paragraph 395 of the Amended Complaint are denied.

396. The allegations contained in paragraph 396 of the Amended Complaint are denied.

397. The allegations contained in paragraph 397 of the Amended Complaint are denied.

398. The allegations contained in paragraph 398 of the Amended Complaint are denied.

399. The allegations contained in paragraph 399 of the Amended Complaint are denied.

400. This Defendant restates the responses to the allegations contained in paragraphs 1-399, above, and incorporates them as if fully set forth herein.

401. The allegations contained in paragraph 401 of the Amended Complaint, and each and every subparagraph thereof, are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

402. The allegations contained in paragraph 402 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

403. The allegations contained in paragraph 403 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

404. This Defendant restates the responses to the allegations contained in paragraphs 1-403, above, and incorporates them as if fully set forth herein.

405. As to the allegations contained in paragraph 405 of the Amended Complaint, it is admitted that at one time this Defendant employed Defendants Isenhour, Taylor, Vogler, Lee,

Moore, Hamilton, Smith, and Gacek. Except as expressly herein admitted, the allegations contained in paragraph 405 of the Amended Complaint are denied.

406.    As to the allegations contained in paragraph 406 of the Amended Complaint, it is admitted that this Defendant has purchased certain policies of insurance, the contents of which speak for themselves. Except as expressly herein admitted, denied.

407.    The allegations contained in paragraph 407 of the Amended Complaint are denied.

408.    This Defendant restates the responses to the allegations contained in paragraphs 1-407, above, and incorporates them as if fully set forth herein.

409.    The allegations contained in paragraph 409 of the Amended Complaint are denied.

410.    As to the allegations contained in paragraph 410 of the Amended Complaint, this Defendant admits that at one time it employed Defendants Isenhour, Taylor, Vogler, Lee, Moore, Hamilton, Smith, and Gacek. Except as expressly herein admitted, the allegations contained in paragraph 410 of the Amended Complaint are denied.

411.    This Defendant restates the responses to the allegations contained in paragraphs 1-410, above, and incorporates them as if fully set forth herein.

412.    The allegations contained in paragraph 412 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

413.    The allegations contained in paragraph 413 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

414.    The allegations contained in paragraph 414 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

415.    The allegations contained in paragraph 415 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

416.    The allegations contained in paragraph 416 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

417.    The allegations contained in paragraph 417 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

418.    This Defendant restates the responses to the allegations contained in paragraphs 1-417, above, and incorporates them as if fully set forth herein.

419.    The allegations contained in paragraph 419 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

420.    The allegations contained in paragraph 420 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

421.    The allegations contained in paragraph 421 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

422. The allegations contained in paragraph 422 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

423. The allegations contained in paragraph 423 of the Amended Complaint are not directed to this Defendant, and therefore no response is required. To the extent a response is required, denied.

424. This Defendant restates the responses to the allegations contained in paragraphs 1-423, above, and incorporates them as if fully set forth herein.

425. The allegations contained in paragraph 425 of the Amended Complaint are denied.

426. The allegations contained in paragraph 426 of the Amended Complaint are denied.

427. The allegations contained in paragraph 427 of the Amended Complaint are denied.

428. The allegations contained in paragraph 428 of the Amended Complaint are denied.

429. The allegations contained in paragraph 429 of the Amended Complaint, and each and every subparagraph thereof, are denied.

430. The allegations contained in paragraph 430 of the Amended Complaint are denied.

431. The allegations contained in paragraph 431 of the Amended Complaint are denied.

432.    The allegations contained in paragraph 432 of the Amended Complaint are denied.

433.    The allegations contained in paragraph 433 of the Amended Complaint are denied.

434.    All allegations contained in Plaintiff's Amended Complaint, not specifically admitted hereinabove, are hereby denied.

WHEREFORE, this Defendant prays for the following relief from this court:

1.    That Plaintiff have and recover nothing of this Defendant;

2.    That Plaintiff's claims be dismissed and the cost of this action be taxed against the Plaintiff;

3.    That Defendant be awarded its attorneys' fees, to the degree permitted by law;

4.    For a trial by jury on issues so triable; and

5.    For such other and further relief as this court deems just and proper.

This the 26th day of July, 2021.

SUMRELL SUGG, P.A.
*Attorneys for Defendant City of Concord*

BY:    /s/Scott C. Hart
     State Bar No. 19060
     E-mail:  shart@nclawyers.com

BY:    /s/Frederick Hughes Bailey, III
     State Bar No. 36603
     Email: fbailey@nclawyers.com

BY:    /s/Ryan D. Eubanks
     State Bar No. 53455
     E-mail:  reubanks@nclawyers.com
     Post Office Drawer 889
     New Bern, NC  28563
     Telephone:  (252) 633-3131
     Facsimile:  (252) 633-3507

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **ANSWER AND DEFENSES OF DEFENDANT CITY OF CONCORD** was served upon all parties to this action via CM/ECF, which will provide electronic notice to:

Coleman M. Cowan, Esq.
Hoyt G. Tessener, Esq.
Kaitlyn Elizabeth Fudge, Esq.
Christopher R. Bagley, Esq.
Law Offices of James Scott Farrin
280 S. Mangum Street, Suite 400
Durham, NC 27701
*Attorneys for Plaintiff*

G. Christopher Olson, Esq.
Olson Law, PLLC
514 Daniels Street, #136
Raleigh, NC 27605
*Attorneys for Plaintiff*

Patrick H. Flanagan, Esq.
Cranfill Sumner & Hartzog, LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
*Attorneys for Defendants Van W. Isenhour, David J. Taylor, Estate of George M. Vogler, Jr., Estate of Marshall J. Lee, Estate of Jack Moore, Merl Hamilton, Guy Smith, and Gary Gacek*

Bryan G. Nichols, Esq.
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
*Attorney for Defendant John H. Watters*

The undersigned also certifies that a copy of said pleading was served upon the foregoing by depositing the pleading in a postpaid wrapper in in an official depository under the exclusive care and custody of the United States Postal Service, New Bern, North Carolina, and addressed to:

Estate of Haywood R. Starling
c/o Harriett Coley, Administratrix of the Estate of Haywood R. Starling
7204 Ebenezer Church Road
Raleigh, NC 27612

62

Estate of Charles D. Chambers
Address Unknown

This the 26th day of July, 2021.

SUMRELL SUGG, P.A.
*Attorneys for Defendant City of Concord*

BY:   /s/Scott C. Hart
State Bar No. 19060
Post Office Drawer 889
New Bern, NC  28563
Telephone:  (252) 633-3131
Facsimile:  (252) 633-3507
Email:  shart@nclawyers.com

6\\\SERVER04\lssdocs\00000089\00121779.000.DOCX