IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| RONNIE WALLACE LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 5:21-cv-00201-D |
| | ) |
| CITY OF CONCORD, et. al, | ) |
| | ) |
| Defendants. | ) |

## ORDER TO PRODUCE NORTH CAROLINA INNOCENCE INQUIRY COMMISSION FILE AND PROTECTIVE ORDER

This matter came before the Court on a motion by the N.C. Innocence Inquiry Commission to modify a subpoena and requesting the court issue a protective order over its files. The Court finds and orders, in the interest of justice, as follows:

## FINDINGS OF FACTS

1. In 2013, the Commission initiated an inquiry and investigation relating to the 1976 conviction of Ronnie Wallace Long pursuant to N.C. Gen. Stat. § 15A-1466(2).

2. The Commission maintains an investigative file documenting evidence and information obtained through its inquiry pursuant to its unique governing statutes, N.C. Gen. Stat. § 15A-1460 *et seq.*

3. As a result, and pursuant to N.C. Gen. Stat. § 15A-1471, the Commission created and obtained records and documents relating to the 1976 prosecution and

conviction of Ronnie Wallace Long that are protected from public disclosure by various state and federal statutes. These materials include the following documents:

   a. Administrative records, including Commission contacts and Commission journal;
   b. Analysis records, including Commission staff memos and closing memos;
   c. Audio Interview of Ronnie W. Long conducted by Commission staff;
   d. Commission Correspondence;
   e. Investigation records, including Commission internal reports of its investigative process, file reviews, evidence issues and testing, and files from other agencies including:
      i. the North Carolina Crime Lab,
      ii. the North Carolina State Bureau of Investigation,
      iii. the North Carolina Center for Actual Innocence,
      iv. the Cabarrus County Clerk of Superior Court,
      v. the Cabarrus County/25th Prosecutorial District Attorney and Concord Police Department, including select records from Washington, D.C. Law Enforcement Agency;
   f. Legal records;
   g. Notes; and
   h. Research.

4. Pursuant to N.C. Gen. Stat. § 15A-1468(g), all records, files, and materials of the Commission are confidential and protected from disclosure unless and until they are considered by the Commission during a proceeding, as contemplated under N.C. Gen. Stat. § 15A-1468(e) and except as provided in N.C. Gen. Stat. § 15A-1468(d).

5. The Commission closed its file for Plaintiff on July 30, 2015, without a hearing.

6. On December 17, 2020, Governor Cooper pardoned Plaintiff after the United State Court of Appeals for the Fourth Circuit, sitting *en banc*, issued a ruling that Long's due process rights were violated by the suppression of material, exculpatory

evidence (947 F. 3d 159) and after the United States District Court for the Middle District of North Carolina vacated Plaintiff's conviction and ordered him released.

7.    The Commission's governing statute contemplates providing favorable evidence to a claimant. *See* N.C. Gen. Stat. § 15A-1468(d) ("Evidence favorable to the convicted person disclosed through formal inquiry or Commission proceedings shall be disclosed to the convicted person and the convicted person's counsel….").

8.    The Court therefore finds that it is in the interests of justice and an appropriate exercise of its discretionary authority under the Rules of Federal Civil Procedure to order the Commission to produce the records in its possession relating to the Commission's inquiry relating to this case.

Based upon these Findings of Fact, the Court hereby GRANTS IN PART the Commissions' Motion to Modify Subpoena to Allow for a Protective Order Over Requested Files, ORDERS the North Carolina Innocence Inquiry Commission to produce to counsel for Plaintiff within 30 days an electronic copy of the records identified in Paragraphs 3(a) – (h); and ENTERS THIS

## **PROTECTIVE ORDER**

a.  Plaintiff and counsel for the Plaintiff shall not in any manner, directly or indirectly, transfer the Commission records produced pursuant to this order or any materials contained therein, or communicate orally or in writing, any of the information or data contained therein to any other persons not identified in this order other than for the prosecution or defense of this civil action, without further order of this Court or agreement of the Commission as permitted by paragraph (d) below.

b.  Plaintiff and counsel for the Plaintiff may make copies (electronic or physical) or material contained within the Commission File, for use by their associates, employees, agents, witnesses, or experts in connection with the

prosecution or defense of this civil action. However, Plaintiff and counsel for the Plaintiff will be responsible for notifying any person who receives disclosure of the terms of this Protective Order, and those persons shall not disclose such information to anyone who would not otherwise have access to it under the terms of the Protective Order.

c. The documents produced by this Commission shall be used only in connection with the prosecution or defense of this civil action.

d. Before filing any information produced by the Commission subject to this Protective Order, Plaintiff's counsel must confer with the Commission's counsel about how it should be filed. If the Commission's counsel believes the information should be filed under seal, Plaintiff's counsel shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and Section G of the court's Electronic Case Filing Administrative Policy and Procedures Manual regarding the filing of sealed material and shall file a notice of filing pursuant to Section G, in lieu of filing a motion to seal.

It shall be the burden of the Commission or other entity who seeks to preserve the confidentiality of the information to move the Court to do so pursuant to Section V.G.1. The motion to seal may be filed without a supporting memorandum only if the movant can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the movant must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which the filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

e. This Protective Order shall remain in effect until it is rescinded.

f. This Protective Order shall not prevent the parties from applying for relief from this Protective Order, or from applying for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Parties and the Court.

g. Notwithstanding this Protective Order, the Commission's records are confidential and shall remain shielded from public disclosure pursuant to N.C. Gen. Stat. §15A-1468(e), unless and until a court rules otherwise.

SO ORDERED, this the __12__ day of April, 2022.

                                       Robert B. Jones, Jr.
                                       United States Magistrate Judge