IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-201-D

| | | |
|---|---|---|
| RONNIE WALLACE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CITY OF CONCORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant City of Concord's motion to compel nonparty Century Insurance Group ("Century") to respond to a subpoena to produce documents. [DE-74]. The court on October 3, 2022, entered an order noting that the certificate of service did not indicate the motion to compel was served on Century and directed Defendant to serve its motion to compel and memorandum on Century and to file an amended certificate of service. [DE-89]. On October 20, 2022, Defendant filed an amended certificate of service indicating Century was served by certified mail with the motion to compel and brief in support on October 12, 2022. [DE-93]. Century has not responded to the motion to compel, and the time to do so has expired. Accordingly, the matter is ripe for ruling. For the reasons that follow, the motion to compel is allowed.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the

subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

"In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)); *Eshelman*, 2017 WL 5919625 at *4. The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, Fed. Practice & Procedure § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trs. of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet*

*Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted); *see U.S. Equal Emp't Opportunity Comm'n v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017) (citing *Papanicolas v. Project Execution & Control Consulting*, LLC, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015)) (noting that "[t]he burden of proving that a subpoena is oppressive is on the party moving to quash"); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016) ("[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.") (citation omitted).

A person commanded to produce documents or tangible things in response to a subpoena may serve written objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The objections must be served before the earlier of the time specified for compliance with the subpoena or fourteen days after the subpoena is served. *Id.* The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections. *Crescom Bank v. Terry*, No. 2:12-CV-63-PMD, 2017 WL 2880866, at *6 (D.S.C. July 6, 2017); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2014 WL 3496514, at *4 (D.S.C. July 14, 2014) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)); *see e.g.*, *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena.). Some courts have held that the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown. *In re Motorsports Merch. Antitrust Lit.*, Civ. A., 186 F.R.D. 344, 349 (W.D. Va. 1999); *Bell, Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (citations omitted); *Concord Boat Corp.*, 169 F.R.D. at 48 (collecting cases). Examples of such unusual circumstances and good cause have included

where a subpoena is overbroad on its face, a subpoena that imposes significant expense on a nonparty acting in good faith, or where there has been contact between counsel for the subpoenaed party and the subpoenaing party prior to the challenge to the subpoena. *See In re Motorsports Merch. Antitrust Lit.*, 186 F.R.D. at 349 (citations omitted); *Concord Boat Corp.*, 169 F.R.D. at 48.

Defendant moves to compel Century to comply with a subpoena to produce copies of insurance policies and/or any documents that identify or relate to the available insurance that the City of Concord had from January 1, 1975 through August 1, 2021. Def.'s Mot. [DE-74]; Ex. B [DE-74-2]. The subpoena before the court appears to have been properly served. Century has not served written objection to the subpoena and the time to do so has expired. There is no evidence of unusual circumstances before the court here that would to excuse waiver of objection. *See In re Motorsports Merch. Antitrust Lit.*, 186 F.R.D. at 349; *Bell, Inc.*, 2014 WL 1630754, at *9; *Concord Boat Corp.*, 169 F.R.D. at 48. Counsel for Defendant made efforts to obtain compliance without court intervention but received no response from Century. Def.'s Mot. [DE-74]. The court has undertaken review of the request, and based on what has been presented to the court in support of the motion and without objection or responsive briefing from Century, the court finds the request is not overly broad on its face or otherwise beyond the scope of permissible discovery. Because Century has failed to object to the subpoena any objection has been waived. *See Crescom Bank*, 2017 WL 2880866, at *6; *Wellin*, 2014 WL 3496514, at *4. Accordingly, the motion to compel is allowed. Defendant shall serve this order on Century, and Century shall respond to the subpoena within twenty-one (21) days of being served with this order.

So ordered, the 14 day of November, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

4