IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:21-CV-201-D

| | |
|---|---|
| RONNIE WALLACE LONG,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF CONCORD, et al.,<br><br>    Defendants. | **CONSENT PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between the parties, by and through their respective attorneys of record, as follows:

Plaintiff has acquired personal medical records which are confidential in nature.

The parties seek an Order of this Court to ensure that said documents are not disclosed outside this proceeding and that any personal identifying information is protected.

With the consent of the parties, IT IS HEREBY ORDERED THAT:

1. The Plaintiff is authorized to disclose the medical records it has acquired to Defendants' counsel.

2. All such medical records obtained in this action which contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Additionally, any other materials considered by the Plaintiff to be protected and/or confidential shall be likewise so indicated. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be

treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation.

3. In the absence of written permission from the Plaintiff or his designee, or by Order of the Court, any confidential information obtained in accordance with the provisions of this Order shall not be disclosed to any person other than:

    a. The Court and its personnel.

    b. The parties to this action.

    c. Counsel for the parties to this action and employees of said counsel.

    d. Insurers of the parties to this action.

    e. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 5.

    f. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

    g. Witnesses at a deposition, hearing, or trial, and as necessary to prepare the testimony of the witness.

4. In addition, the above individuals and entities that are permitted access are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons hereinabove listed.

5. Before Confidential Information is disclosed to any person described in Paragraph 3(e) of this Order, counsel for the party disclosing the information shall inform the person to whom

2

Case 5:21-cv-00201-D   Document 112   Filed 04/04/23   Page 2 of 5

the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon Order of the Court.

6. Counsel may make copies of Confidential Information for experts (both consulting and designated) upon receiving from said experts a signed confidentiality agreement (Exhibit A) that the experts will be bound by the terms of this Protective Order. A file of all such written acknowledgments shall be maintained by counsel for the parties involved in this matter. By signing Exhibit A agreeing to be bound by this Protective Order, each of the parties' experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

7. In the event a party seeks to file any medical record document containing Confidential Information subject to protection under this Order with the Court, pursuant to Local Rule 79.2 and Section V.I.4 of the Filing Administrative Policies and Procedures Manual, that party must accompany the request with a motion to seal and fully comply with the requirements of those provisions.

8. Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such

3

Case 5:21-cv-00201-D   Document 112   Filed 04/04/23   Page 3 of 5

request to seal overcomes the common law or the First Amendment presumption of access; (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion.

9. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or invalidate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

10. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek further orders from the court regarding the additional disclosure of, or restriction of, confidential information.

SO ORDERED, this the __4__ day of April, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge

# EXHIBIT A

## UNDERTAKING TO BE BOUND

I, _____ declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order (the "Protective Order") dated _____, 2023 in the matter of *Ronnie Wallace Long v. City of Concord, et. al.* filed in the United States District Court for the Eastern District of North Carolina, Case No. 5:21-CV-00201-D, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other than such persons designated in this Protective Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
Signature                                                        Dated

_____
Printed or Typed Name

_____
Address

_____
Position